UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Julio Hernandez, | Civ. Action #: |
| | |
| Plaintiff, | **Complaint** |
| -v- | |
| | Date Filed: |
| Sharp Management Corp., | |
| Defendant. | **Jury Trial Demanded** |

Plaintiff Julio Hernandez ("Plaintiff," or "Hernandez"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendant Sharp Management Corp. ("SMC" or "Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; (ii) entitled to unpaid minimum wages from Defendant for working and not being paid at least the applicable FLSA minimum wage rate for each and all hours worked in a week; and (iii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to unpaid minimum wages from Defendant for working and not being paid at least the applicable New York State minimum wage rate for each and all hours worked in a week; and (iii) entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of

the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Julio Hernandez ("Plaintiff" or "Hernandez") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

8. At all times relevant herein, Defendant Sharp Management Corp. ("SMC" or "Defendant") was a New York for-profit Corporation.

9. Upon information and belief, and at all times relevant herein, Defendant owned and/or operated the building at which Plaintiff worked located at 440 East 138th Street, Bronx, NY 10454.

10. Upon information and belief and at all times relevant herein, Defendant SMC controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

2

11. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

12. Upon information and belief, and at all relevant times herein, Defendant was engaged in business of building ownership and management.

13. Upon information and belief, and at all relevant times herein, Defendant owned and/or operated dozens of buildings/locations and employed over 80 employees.

14. Plaintiff Hernandez was employed by Defendant from in or around 2014 to on or about April 29, 2020.

15. At all times relevant herein, Defendant employed Plaintiff as a handyman and performed a variety of manual and physical labor within this capacity.

16. At all times relevant herein, Plaintiff was an hourly employee of Defendant and his last regular hourly rate of pay was about $27.00 an hour, and Plaintiff was not paid any wages including overtime wages for his overtime hours worked (hours over 40 in a week).

17. For approximately the last year or more of Plaintiff's employment with Defendant, Defendant stopped paying plaintiff a wage for his work and only provided him with an apartment which did not qualify as wage credit or compensation under the NYLL and the FLSA (see i.e. 29 USC 203(m) and 29 CF 531.30, 531.31) - which dropped Plaintiff's compensation below the applicable FLSA minimum wage rate and the NYLL minimum wage rate.

18. At all times relevant herein, Plaintiff worked about 50-60 or more hours each week for Defendants - 7 days a week, but Plaintiff was not paid *any* wages for his overtime hours worked (hours over 40 in a week).

19. A more precise statement of the hours and wages may be made when Plaintiff Hernandez obtains the wage and time records Defendant was required to keep under the FLSA and

NYLL. Accurate copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

20. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours each week during his employment with Defendant.

21. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1).

22. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3).

23. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500,000.

24. At all times applicable herein, Defendant conducted business with vendors/entities/persons within the State of New York.

25. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

26. At all times applicable herein and upon information and belief, Defendant utilized the goods, materials, and services through interstate commerce.

27. Defendant as a regular part of its business, make payment of taxes and other monies to agencies and entities outside the State of New York.

28. At all times applicable herein and upon information and belief, Defendant and the tenants in its buildings conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

29. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

30. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA (29 CFR 516.4 and 12 NYCRR 142-2.8), and Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. As such, equitable tolling applies in this case. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004).

31. "Plaintiff" as used in this complaint refers to the named Plaintiff.

32. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (OT & Minimum Wages)

33. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if set forth fully and at length herein.

34. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA.

35. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206, 207.

36. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

37. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

38. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff at least the applicable federal FLSA minimum wage rate for each and all hours worked in a week, in violation of 29 U.S.C. § 206.

**Relief Demanded**

39. Due to Defendant's FLSA overtime wage violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wage compensation, minimum wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. & 12 NYCRR § 142, 141 (Overtime and Minimum Wages)**

40. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 40 above as if set forth fully and at length herein.

41. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

42. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2 and 12 NYCRR § 141-1.4.

43. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff at least the applicable New York State minimum wage rate for each and all hours worked in a week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.1 and 12 NYCRR § 141-1.2.

**Relief Demanded**

44. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wage compensation, minimum wages, prejudgment interest,

maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198 – Unpaid and Withheld Wages

45. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 44 above with the same force and effect as if fully set forth at length herein.

46. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

47. At all times relevant herein, Plaintiff was employed by Defendant as a manual worker within the meaning of NYLL 191 (1)(a)(i) who should have been all wages no later than weekly.

48. At all relevant times herein, Defendant violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages, including his unpaid non-overtime wages, overtime wages, minimum wages and wage deductions, as required under NY Labor Law § 190 et seq. – including overtime and non-overtime wages due under law and employment agreement.

49. At all times relevant herein, Defendant, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

50. At all times relevant herein, Defendant, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

### Relief Demanded

51. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his unpaid non-overtime and overtime wages, minimum wages and wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

52. Declare Defendant to be in violation of the Plaintiff's rights under the FLSA and New York Labor Law – 12 NYCRR § 142, 141 and Article 6 of the NYLL – NYLL § 190 et Seq.

53. As to his **First Cause of Action**, award Plaintiff his unpaid overtime wage compensation, minimum wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

54. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wage compensation and minimum wage compensation, due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, NYCRR §§ 141-1.4, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

55. As to his **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid non-overtime and overtime wages, minimum wages and wage deductions due under law and contract/agreement, maximum liquidated damages – including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

56. Award Plaintiff prejudgment interest on all monies due.

57. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

58. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York
June 9, 2020**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com