## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") of 6/14/2021 _____, 2021 is entered into by and between Julio Hernandez ("Plaintiff"), his heirs, executors, and assigns and Sharp Management Corp., its divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, assigns, officers, directors, trustees, and employees, including, but not limited to, all agents, stockholders, partners, members, administrators, representatives, attorneys, insurers or fiduciaries (collectively, "Defendant");

**WHEREAS,** on or about June 9, 2020, Plaintiff filed a Complaint in the United States District Court for the Southern District of New York, No. 20 Civ. 4415 (VEC), asserting various claims for unpaid minimum wage, overtime compensation, statutory and liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and New Yok State Labor Law, and damages pursuant to the Wage Theft Prevention Act (the "Lawsuit");

**WHEREAS,** Defendant denied it violated the aforementioned laws, (and/or any other laws); asserted that Plaintiff is not entitled to any additional wages; asserted that Plaintiff was fully and properly paid for services he performed for Defendant; and otherwise vigorously defended against and disputed the Lawsuit;

**WHEREAS,** Plaintiff and Defendant (collectively, the "Parties") are desirous of resolving these disputes and any and all disputes without incurring further time, expense or attorney's fees;

**WHEREAS,** the terms of this Agreement were fully reviewed by Plaintiff and his attorneys and the Parties have had a sufficient opportunity to consider this Agreement and reviewed this Agreement with their respective attorneys; and,

**WHEREAS,** the Parties have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily, and without coercion or duress;

**NOW, THEREFORE,** in consideration of the covenants, releases, representations, obligations and promises contained herein and for other good and valuable consideration, it is mutually agreed as follows:

1. Any and all disputes Plaintiff has with Defendant are fully settled in accordance with the terms more fully set forth herein.

2. ***Consideration.***

The Parties for the good and sufficient consideration set forth below agree as follows:

    a. In consideration for Plaintiff's execution of this Agreement and Plaintiff's release of any and all claims asserted in the Lawsuit which concern violations or allegations of unpaid compensation, including, but not limited to, all claims for monetary damages or claims of

DocuSign Envelope ID: CEF1BD74-652D-440E-AF69-051778F1095E
Case 1:20-cv-04415-VEC   Document 38   Filed 06/14/21   Page 2 of 8
Case 1:20-cv-04415-VEC   Document 32-1   Filed 05/27/21   Page 2 of 8

an equitable or other nature, attorneys' fees, costs or expenses, and in consideration of the Parties' compliance with the promises made herein, Defendant agrees to pay Plaintiff and his attorneys by remitting to Plaintiff's attorneys the amounts as set forth in Exhibit "A" annexed hereto within the time period provided therein.

**b.** Plaintiff understands that he would not be entitled to the consideration provided for in the agreement at this time but for his execution of the agreement, but that he could potentially recover money from Defendant if he continues to litigate and is successful at trial.

3. *Release*.

**a.** In consideration of the promises, benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement ("Settlement Sum"), Plaintiff knowingly and voluntarily releases and forever discharges Defendant, including its current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, agents, successors, assigns, and agents, as well as anyone employed by or affiliated with Defendant, deemed by the Plaintiff to be "employers," both individually and in their official capacities, and their parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, including business partners, (all of said individuals and entities referenced above are hereinafter collectively referred to herein jointly and severally as "Releasees"), from any and all claims asserted in the Lawsuit, including but not limited to, claims and damages pursuant to the Fair Labor Standards Act, the New York Labor Law and the Wage Theft Prevention Act, from the beginning of time to the date of this Agreement, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d. Cir. 2015).

**b.** Defendant hereby agrees to waive any rent owed by Plaintiff in connection with his use and occupation of the Apartment #6F at 440 East 138th Street, Bronx, NY 10454 (the "Apartment") from the beginning of time until ninety (90) days after the Court's approval of this Agreement (the "Surrender Date").

4. *Plaintiff's Representations and Covenants*.

**a.** *Surrender Agreement*.

**i.** Plaintiff hereby acknowledges that he has surrendered all rights, title and interest to the Apartment and agrees to vacate and surrender the Apartment free of occupants and possessions, broom clean, by no later than the Surrender Date.

**ii.** In the event Plaintiff fails to vacate and surrender the Apartment as agreed to herein, Defendant shall have the right to commence summary proceedings for his removal from the Apartment. Said right shall be in addition to any rights and remedies which inure to Defendant in the event Plaintiff fails to vacate and surrender possession of the Apartment as agreed to herein. In the event Defendant commences summary proceedings to recover possession of the Apartment: (a) Plaintiff shall be precluded from asserting any rights he may have

DocuSign Envelope ID: CEF1BD74-652D-440E-AF69-051778E1095E
Case 1:20-cv-04415-VEC Document 38 Filed 06/14/21 Page 3 of 8
Case 1:20-cv-04415-VEC Document 32-1 Filed 05/27/21 Page 3 of 8

in order to remain in possession of the Apartment, and (b) Plaintiff waives any and all rights to assert a counterclaim and interpose a jury demand in such proceeding.

        b.    **_Covenant Not to Sue_**. Except as provided in Paragraph 4(f) herein, Plaintiff hereby covenants and agrees not to sue, commence, prosecute, and continue any other proceeding or complaint (civil, administrative, or criminal), or accept any relief individually or as a member of a class, against Releasees in any court of law or equity, or before any administrative agency, in his own name, or accept any relief as a member of a class, against Releasees in any court of law or equity, or before any administrative agency, with respect to any matter released in this Agreement. Plaintiff agrees to discontinue and withdraw any existing or pending proceedings or complaints brought in his own name, or in his place in whole or in part, against Releasees. Any documents confirming the withdrawal, dismissal, and/or closure of said proceedings and complaints must be sent by Plaintiff to the attorneys for Releasees pursuant to Paragraph 9(a). In the event any administrative agency fails or refuses to close any proceeding or complaint filed by Plaintiff against Releasees notwithstanding Releasees filing of said notice, Plaintiff agrees to take any and all steps reasonably necessary to bring about the final closure of such proceeding or complaint.

        c.    **_Sufficiency of Consideration_**. Except as provided in Paragraph 4(f) herein, Plaintiff expressly understands and agrees the obligations under this Agreement and tender of the payment described herein are in lieu of any and all other amounts to which Plaintiff might be, is now, or may become entitled to receive from Releasees upon any claim released herein. Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff referenced in Exhibit "A" are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act and represents the complete and total amount of monies for which Plaintiff claims he is owed, pursuant to any federal, state or local law, in the instant matter.

        d.    Furthermore, and except as provided in Paragraph 4(f) herein, Plaintiff hereby covenants and agrees not to recover any monetary damages or equitable relief (civil, administrative, or criminal), individually or as a member of a class, against Releasees in any court of law or equity, or before any administrative agency, with respect to any matter arising or derivative from this Lawsuit.

        e.    The parties agree that to the best of their knowledge and understanding they are not in possession of any property of the other, except property that they believe in good faith they are required to keep by law.

        f.    Nothing in this Agreement shall be construed to restrict any communication or participation Plaintiff may have with any agency of the United States government, subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law. Plaintiff understands he waives any right to recover monetary damages resulting from any charge filed by him or anyone else on his behalf in connection with the claims at issue in this case.

5.    **_No Admission_**.

Case 1:20-cv-04415-VEC Document 38 Filed 06/14/21 Page 4 of 8
Case 1:20-cv-04415-VEC Document 32-1 Filed 05/27/21 Page 4 of 8
DocuSign Envelope ID: CEF1BD74-652D-440E-AF69-051778F1095E

a. This Agreement shall not in any way be construed as an admission by Defendant that it acted wrongfully with respect to Plaintiff or any other individual, or that Plaintiff has any rights whatsoever against Defendant. Defendant specifically disclaims any liability for any purported wrongful acts against Plaintiff on the part of itself, its officers, employees, and/or agents.

b. The parties acknowledge this matter is being settled to avoid further litigation and its concomitant expense.

6. *Enforceability*. This Agreement is contingent upon the Court's approval of the settlement including the release set forth in Paragraph 3. Should the Court deny final approval of the instant Agreement based on the inclusion of the release, this Agreement will become void and will not be used for any purpose in connection with any further litigation in the Lawsuit or any other lawsuit, administrative or other legal proceeding, claim, investigation, or complaint. The Parties nevertheless agree they will renegotiate the terms of this Agreement (including, but not limited to, the Settlement Sum) in good faith in accordance with any revisions and/or modifications suggested by the Court.

7. *Breach*. In the event either Party breaches this Agreement, the non-breaching Party will be entitled to all remedies available at law.

8. *Revocation*. Plaintiff may revoke this Agreement within seven (7) days of Plaintiff's execution. This seven (7) day time period will begin to run the day after Plaintiff has executed this Agreement. If Plaintiff revokes the Agreement, it shall be rescinded in its entirety, and Plaintiff will not receive the benefits set forth herein. Said revocation must be delivered, in writing, via facsimile, regular mail or federal express to Christopher T. Borruso, Esq. Meltzer, Lippe, Goldstein, & Breitstone, LLP, 190 Willis Avenue, Mineola, New York 11501; fax: (516) 237- 2893, and received within seven (7) days of the execution of this Agreement. If Plaintiff does not revoke this Agreement, it shall become effective eight (8) days after Plaintiff has signed it. If the last day of the revocation period is a Saturday, Sunday or legal holiday in New York, then the revocation period shall not expire until the following day which is not a Saturday, Sunday, or legal holiday.

9. *Miscellaneous*.

a. All notices or other communication provided for or permitted herein, other than as set forth in Paragraph 8, shall be in writing, and mailed by U.S. Registered or Certified Mail/Return Receipt Requested, reputable overnight express courier (Fed Ex, UPS, etc.) or sent by telecopy or other similar communication, provided that, if such communication is used, the notice is also mailed simultaneously by First-Class U.S. Mail, to the party entitled or required to receive same, at the address set forth below or at such other address as such party shall designate by a notice given pursuant to this Paragraph. All such notices, etc., shall be deemed given when mailed in accordance with this Paragraph.

    i. *If to Plaintiff*:
    Julio Hernandez

4

4836-9034-4678, v. 8

    c/o Abdul Hassan Law Group, PLLC
    Abdul K. Hassan, Esq.
    215-28 Hillside Avenue
    Queens Village, New York 11427
    abdul@abdulhassan.com

  ii. *If to Defendant*:
    Sharp Management Corp.
    c/o Christopher T. Borruso, Esq.
    Meltzer, Lippe, Goldstein & Breitstone, LLP
    190 Willis Avenue
    Mineola, New York 11501
    Fax: (516) 237-2893
    cborruso@meltzerlippe.com

  **b.**  This Agreement and its annexed exhibit contain the entire understanding between the parties hereto concerning the subject matter hereof, supersedes any and all prior agreements among the parties with respect to the subject matter hereof, and may not be changed, modified, or altered, nor any of its provisions waived, except by an agreement in writing signed by the parties hereto. A waiver by any party of any of the terms or conditions of this Agreement, or of any breach thereof, shall not be deemed a waiver of such term or condition hereof, or of any subsequent breach thereof. All rights and remedies by this Agreement reserved to any party shall be cumulative and shall not be in limitation of any other right or remedy which such party may have at law, in equity, or otherwise.

  **c.**  Should there be any ambiguity with respect to the interpretation of this Agreement, no inference will be drawn against the drafter of the Agreement in connection with said dispute. This Agreement will be interpreted by the trier of fact without regard to the identity of the drafter of the Agreement.

  **d.**  This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument, and in pleading or proving any provision of this Agreement, it shall not be necessary to produce more than one (1) of such counterparts. Facsimile and or PDF transmission copies will be deemed and accepted as original in all proceedings and no objection will be raised regarding same. The exhibit annexed hereto are specifically incorporated and made a part of this Agreement.

  **e.**  The parties shall not publish, publicize, disclose, or disseminate, or cause to be published, publicized, disclosed, or disseminated in any manner, to any member of the press (including publication through any internet based website and/or social media) any documents or information concerning any claims arising out of or relating to the facts or circumstances underlying the instant matter; the existence, contents, and execution of this Agreement; and the discussions and circumstances that preceded this Agreement, including, without limitation, the economic terms of this Agreement. However, this provisions does not include an obligation to maintain the confidentiality of any facts or information otherwise in the public record or domain,

4836-9034-4678, v. 8

DocuSign Envelope ID: CEF1BD74-652D-440E-AF69-051778F1095E
Case 1:20-cv-04415-VEC Document 38 Filed 06/14/21 Page 6 of 8
Case 1:20-cv-04415-VEC Document 32-1 Filed 05/27/21 Page 6 of 8

provided such information exists in the public record or domain though no breach of this Agreement by any of the Parties, nor does this duty preclude any Party from disclosing this Agreement in any court of law or any administrative agency or tribunal as necessary to prosecute or defend its legal rights under this Agreement in any such court of law or administrative agency or tribunal.

        **f.** This Agreement shall inure to the benefit of Releasees, their successors and assigns, including, but not limited to, any corporation, individual, partnership or other entity which may acquire all or substantially all of Defendant's assets and business or with or into which Defendant may be consolidated or merged. This Agreement and its attached exhibit shall inure to the benefit of Plaintiff and his heirs, executors and assigns.

        **g.** This Agreement was negotiated with specific reference to the State of New York and shall in all respects be governed by relevant federal law and the laws of the State of New York without giving effect to principles of conflicts of law. This Court shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this Agreement or any of its terms. The Parties to this Agreement shall be subject to the jurisdiction of the Court for all purposes related to this Agreement.

        **h.** The captions of the sections hereof are for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Agreement. Plaintiff shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

        **i.** Each of the covenants contained herein is a separate and independent covenant. A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

**THERFORE**, the parties to this Agreement now voluntarily and knowingly execute this Agreement:

SHARP MANAGEMENT CORP.

**JULIO HERNANDEZ**

Date: 6/14/2021

By: MARTIN KIRZWER
Title: PRESIDENT
Date: 6/9/21

6

4836-9034-4678, v. 8

DocuSign Envelope ID: CEF1BD74-652D-440E-AF69-051778F1095E

Case 1:20-cv-04415-VEC Document 38 Filed 06/14/21 Page 7 of 8
Case 1:20-cv-04415-VEC Document 32-1 Filed 05/27/21 Page 7 of 8

## EXHIBIT A

1.  In exchange for the promises made by Plaintiff and Defendant in this Agreement, Defendant shall deliver to Plaintiff and Plaintiff's attorneys the total gross sum of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00) ("Settlement Sum") in accordance with this Agreement and this Exhibit A. Payment of the Settlement Sum will be payable as follows:

    a.  Within thirty (30) days of the Court's Order approving this Agreement, Defendant will deliver:

        i.  One check payable to the order of Julio Hernandez in the gross amount of One Thousand Five Hundred Ten Dollars and Zero Cents ($1,510.00), less applicable federal, state, and local taxes and other appropriate payroll deductions, which amount will be reported for tax purposes on a U.S. Internal Revenue Service ("IRS") Form W-2;

    b.  Within thirty (30) days of the date Plaintiff vacates and surrenders the Apartment in accordance with the Surrender Agreement, Defendant will deliver:

        i.  One check payable to the order of Julio Hernandez in the gross amount of Ten Thousand Dollars and Zero Cents ($10,000.00), less applicable federal, state, and local taxes and other appropriate payroll deductions, which amount will be reported for tax purposes on a U.S. Internal Revenue Service ("IRS") Form W-2;

        ii. One check payable to the order of Julio Hernandez in the gross amount of Eleven Thousand Five Hundred Eleven Dollars and Zero Cents ($11,511.00), representing liquidated damages, penalties and other damages, which will be reported for tax purposes on an IRS Form 1099-MISC (Box 3); and

        iii. One check payable to "Abdul Hassan Law Group, PLLC" in the gross amount of Eleven Thousand Nine Hundred Seventy-Nine Dollars and Zero Cents ($11,979.00), representing a 1/3 contingency attorneys' fee of Eleven Thousand Five Hundred Ten Dollars and Zero Cents ($11,510.00) and costs of Four Hundred Sixty-Nine Dollars and Zero Cents ($469.00), which will be reported for tax purposes on an IRS Form 1099 (Box 10).

2.  The checks referenced in Paragraph 1 of this Exhibit A shall be delivered to the Abdul Hassan Law Group, PLLC, 215-28 Hillside Avenue, Queens Village, New York 11427; Attn.: Abdul K. Hassan, Esq.

3.  Plaintiff understands and agrees that Defendant is not providing him with any tax or legal advice, and makes no representations regarding tax obligations or consequences, if any,

DocuSign Envelope ID: CEF1BD74-652D-440E-AF69-051778E1095E
Case 1:20-cv-04415-VEC Document 38 Filed 06/14/21 Page 8 of 8
Case 1:20-cv-04415-VEC Document 32-1 Filed 05/27/21 Page 8 of 8

related to this Agreement. Plaintiff agrees he will be solely responsible for any and all taxes payable by him with respect to the payments issued on a Form 1099. Notwithstanding the foregoing, if any claim is asserted against Defendant or any of the Releasees, by any taxing authority with respect to the payments provided for herein, Plaintiff shall hold Defendant or the Releasee harmless for any amount of taxes due by Plaintiff.

4. In consideration of the promises, benefits, mutual agreements, payment and other good and valuable consideration contained in Paragraph 1 of this Exhibit A, as allocated above, to which the Plaintiff is not otherwise entitled, the Plaintiff knowingly and voluntarily releases and forever discharges Defendant, including its current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, agents, successors, assigns, and agents, as well as anyone employed by or affiliated with Defendant, deemed by the Plaintiff to be "employers," both individually and in their official capacities, and their parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, including business partners, (all of said individuals and entities referenced above are hereinafter collectively referred to herein jointly and severally as "Releasees"), from any and all claims asserted in the Lawsuit including but not limited to, claims and damages pursuant to the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, from the beginning of time to the date of this Agreement, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d. Cir. 2015).

*[Signature: Julio H.]*
JULIO HERNANDEZ